# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERARD HOWARD** | **CIVIL ACTION** |
| **VERSUS** | **NO.  13-667** |
| **ROBERT TANNER, WARDEN** | **SECTION "N"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE**.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.     FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Gerard Howard, is incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2]  Howard was indicted in Jefferson Parish on February 28, 2008, for the second degree murder of Dwain Stewart.[3]  On April 8, 2008, Howard was arraigned and entered a not guilty plea.[4]  On July 9, 2008, the trial court heard and denied Howard's motion to suppress evidence and the identification.[5]  On January 7, 2009, Howard withdrew his prior plea and pled guilty to the lesser charge of manslaughter.[6]  On that same date, Howard's indictment was amended to charge him with manslaughter rather than second degree murder.[7] Howard initialed and signed a waiver of constitutional rights form[8] and engaged in a Boykin[9] colloquy with the trial

---

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 5, p. 14, Indictment, 2/28/08.

[4]Id., p. 4, Arraignment, 4/8/08.

[5]Id., p. 7, Minute Entry, 7/9/08. Howard's motion to suppress statement was moot as Howard made no statement.

[6]St. Rec. Vol. 2 of 5, pp. 262-65.

[7]St. Rec. Vol. 1 of 5, p. 15.

[8]St. Rec. Vol. 1 of 5, p. 43.

[9]Boykin v. Alabama, 395 U.S. 238, 242-43 (1969).

2

court.[10]  In exchange for his guilty plea, the State agreed not to file a multiple bill against him, and Howard was sentenced to 35 years in prison with credit for time served.[11]

On February 6, 2009, Howard filed a request for an extension of time to file a motion to reconsider the sentence.[12]  On April 8, 2009, the trial court denied the motion, holding that a criminal defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement.[13]  On August 12, 2009, Howard filed a motion for appeal, claiming that "the record herein shows error to his prejudice and he is desirous to appeal to the Fifth Circuit Court of Appeal of the State of Louisiana . . . ."[14]  Although the trial court initially denied Howard's motion as untimely,[15] he was ultimately granted an out-of-time appeal.[16]

On December 29, 2011, the Louisiana Appellate Project filed a brief for Howard, accompanied by a request for errors patent review, a motion to withdraw as Howard's counsel, and a statement indicating that counsel had found no non-frivolous appealable

---

[10]St. Rec. Vol. 2 of 5, pp. 266-68.

[11]Id. at pp. 268-69.

[12]St. Rec. Vol. 1 of 5, p. 46.

[13]Id. at p. 48.

[14]Id. at p. 60.

[15]Id. at p. 62.

[16]Id. at 194.

issues in connection with Howard's guilty plea, all pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and <u>State v. Jyles</u>, 704 So.2d 241 (La. 1997).[17]

On January 18, 2012, Howard filed a pro se supplemental brief asserting the following claims: (1) The affidavit prepared by Detective Roger Gorumba, Jr., which led to Howard's arrest warrant, was fatally defective in that it did not conclude with the words prescribed by La. Const. Art. 7 § 1.[18] (2) The indictment was fatally defective for failing to comply with La. Const. Art. 7, § 1. (3) His guilty plea to manslaughter was not made knowingly, intelligently and voluntarily.[19]

On May 18, 2012, the Louisiana Fifth Circuit Court of Appeal affirmed the conviction and sentence, finding claims (1) and (2) procedurally barred and that any error in Howard's guilty plea proceeding was harmless.[20]  Howard filed a motion for rehearing in the court of appeal in which he raised a fourth claim, that the indictment failed to set

---

[17]St. Rec. Vol. 2 of 5, <u>State v. Howard</u>, No. 2011-KA-1155.

[18]Article 7, § 1 of the Louisiana Constitution of <u>1921</u> stated in pertinent part: "[A]ll prosecutions shall be carried on in the name and by the authority of the State of Louisiana, and shall conclude: 'against the peace and dignity of the same.'" <u>State v. Estes</u>, 956 So.2d 779, 792 (La. App. 2nd Cir. 5/9/07). The requirement in Article 7, § 1 "was not repeated in the Constitution of 1974." <u>Id</u>. A copy of the pertinent portion of Detective Gorumba's affidavit is attached to Howard's habeas petition. Rec. Doc. No. 3, p. 70.

[19]St. Rec. Vol. 2 of 5.

[20]<u>State v. Howard</u>, 91 So.3d 564, No. 2011-KA-1155 (La. App. 5th Cir. 5/22/12); St. Rec. Vol. 3 of 5.

forth the essential elements of manslaughter.[21] On July 19, 2012, the Louisiana Fifth Circuit refused rehearing.[22]

On August 6, 2012, Howard timely filed a writ application in the Louisiana Supreme Court asserting the same claims he had raised before the appellate court in his supplemental writ application, along with the claim asserted on rehearing.[23] On March 1, 2013, the Louisiana Supreme Court denied Howard's writ application without opinion.[24]

II.   FEDERAL HABEAS PETITION

On May 2, 2013, the clerk of this court filed Howard's petition for federal habeas corpus relief in which he asserts the following grounds for relief:[25] (1) The indictment failed to set forth the essential elements of manslaughter.  (2) The affidavit prepared by Detective Roger Gorumba, Jr., was fatally defective for failing to comply with La. Const. Art. 7 § 1.  (3) The indictment was fatally defective for failing to comply with La. Const. Art. 7 § 1.  (4) His guilty plea to manslaughter was not made knowingly, intelligently, or voluntarily.

---

[21]St. Rec. Vol. 3 of 5.

[22]Id.

[23]St. Rec. Vol. 5 of 5, State v. Howard, No. 2012-KO-1826.

[24]State v. Howard, 108 So.3d 787, No. 2012-KO-1826 (La. 2013); St. Rec. Vol. 5 of 5.

[25]Rec. Doc. No. 3.

The State filed a response[26] in opposition to Howard's petition, conceding that it was timely filed.  The State argues that claim (1) is not exhausted, claims (2) and (3) are procedurally barred, and claim (4) is without merit.

III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[27] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Howard's petition, which, for reasons discussed below, is deemed filed in this federal court on April 5, 2013.[28]

_____

[26]Rec. Doc. No. 14.

[27]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[28]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Howard's petition was filed by the clerk of this court on May 2, 2013, when the filing fee was paid. Howard's signature on the petition is dated April 5, 2013. This is the earliest date on which he could have delivered the petition to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843 (5th Cir. 2002) (mailbox rule applies even if inmate did not pay the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

The threshold questions in habeas review under the AEDPA are whether the petition is timely filed and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State concedes, and I find, that the federal petition was timely filed. As discussed below, I disagree with the State's contention that claim (1) is unexhausted, and instead find that Howard's claims must be dismissed because they are either procedurally barred or without merit.

IV.   FAILURE TO EXHAUST

Howard asserts in claim (1) that his indictment, as amended, failed to set forth the essential elements of manslaughter.  The State alleges that Howard's claim "was never raised in state court and never argued to the Louisiana Supreme Court."[29]  However, the record indicates that Howard did raise claim (1) in the Louisiana Supreme Court.[30]

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419.

---

[29]Rec. Doc. No. 14, p. 8.

[30]See supra at pp. 4-5.

"A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Nobles, 127 F.3d at 420). It is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the Louisiana Supreme Court. Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

8

Thus, to have exhausted his claims in state court, Howard must have fairly presented the same claim and legal theory he urges in this petition to the Louisiana courts, through the Louisiana Supreme Court, so that the highest state court has an opportunity to address the claims.

As set forth above,[31] Howard presented claim (1) to the Louisiana Supreme Court. Although he arguably failed properly to present it to the Louisiana Fifth Circuit, because he did not raise the claim in his original petition, he in fact asserted it in his application for rehearing,[32] and then reasserted it in his subsequent writ application to the Louisiana Supreme Court after the state appellate court denied relief.  Accordingly, it appears that Howard exhausted state court remedies as to his first claim.  Even if he did not, however, this court may address the merits of this claim and dismiss it, since relief is not warranted, 28 U.S.C. § 2254(b)(2), as discussed below.[33]

## V.   PROCEDURAL DEFAULT (CLAIMS NOS. 2 AND 3)

The second and third claims raised by Howard in his federal petition are related to alleged violations of Article 7, § 1 of the Louisiana Constitution of 1921.[34]  Howard contends that the affidavit prepared by Detective Roger Gorumba, Jr. which led to the

---

[31]See supra at pp. 4-5.

[32]See supra at p. 4.

[33]See infra at pp. 16-21 for discussion on the merits.

[34]As noted supra at n.18, the requirements of Article 7, § 1 as set forth in the Louisiana Constitution of 1921, were not carried over to or included in the Louisiana Constitution of 1974, which was applicable at the time of Howard's indictment.

issuance of an arrest warrant, and the indictment lodged against him, are fatally defective as violative of La. Const. Art. 7, §1.

The Louisiana Fourth Circuit Court of Appeal did not address the threshold problem that the 1921 State Constitution on which Howard relies had been abrogated and replaced by the 1974 Constitution in effect at the time of the proceedings against him. Instead, the appellate court stated that Howard had neither filed a motion to quash nor objected to any error relative to any such language deficiency in his arrest warrant or indictment in the trial court, and therefore held that the issues "have not been preserved for appellate review.  See LSA-C.Cr.P. art. 841(A); LSA-C.Cr.P. art. 521; LSA-C.Cr.P. art. 531 et seq."  Howard, 91 So.3d at 570.  This was the last reasoned decision on this issue.  Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991).

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the federal claim and adequate to support that judgment. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); Amos v. Scott, 61 F.3d 333, 338 (5th Cir. 1995) (citing Harris v. Reed, 489 U.S. 255, 260, 262 (1989)).  This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review.  Amos, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim raised in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar.  Harris, 489 U.S. at 263; Glover, 128 F.3d at 902.  In this case, the last reasoned state court decision is the ruling of the Louisiana Fifth Circuit that barred review of Howard's claims of deficiencies in Detective Gorumba's affidavit and his indictment on procedural grounds, finding that no objection had been raised to either the affidavit or the indictment.

A.    INDEPENDENT AND ADEQUATE

For the foregoing state law procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate.  A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar.  Amos, 61 F.3d at 338.  The United States Fifth Circuit has held that "[a] state court expressly and unambiguously bases its denial of relief on a state procedural default even if it alternatively reaches the merits of a [petitioner's] claim."  Fisher v. Texas, 169 F.3d 295, 300 (5th Cir. 1999).  To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases.  Glover, 128 F.3d at 902.

The Louisiana Fifth Circuit's ruling stated that Howard had failed to preserve his challenges due to his failure to file a motion to quash or object to any error relative to either the affidavit, on which the arrest warrant was based, or the indictment. The principal Louisiana statutory provision requiring this type of contemporaneous objection is La. Code Crim. P. art. 841(A), which provides that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." Tasco v. Butler, 835 F.2d 1120, 1124 (5th Cir. 1988). It is well-settled that Louisiana's contemporaneous objection rule is an independent and adequate state procedural ground, regularly applied by the Louisiana courts. Duncan v. Cain, 278 F.3d 537, 541 (5th Cir. 2002) (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977)); Marshall v. Cain, 2006 WL 2414073 (E.D. La. Aug.18, 2006) (Zainey, J.). When the state court relies on this procedural default in dismissing claims, as it did here, the claims are barred from federal habeas review. Duncan, 278 F.3d at 541; Riles v. McCotter, 799 F.2d 947, 953 (5th Cir. 1986).

Because the state courts' decisions on this claim rested on an independent and adequate state rule of procedural default, this court may not review Howard's claims that either the affidavit supporting his arrest or the indictment were deficient.

B.   CAUSE AND PREJUDICE

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate

that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." Glover, 128 F.3d at 902 (citing Coleman, 501 U.S. at 731-32); Amos, 61 F.3d at 338-39 (citing Harris, 489 U.S. at 262; Engle v. Isaac, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. Id. at 486.

Howard has not offered any cause for his default on either claim that would excuse the procedural bar imposed by the state courts. My review of the record does not support a finding that any factor external to the defense prevented him from asserting these claims in a procedurally proper manner. The record also does not reflect any action or inaction on the part of the State that prevented him from doing so.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." Hogue v. Johnson, 131 F.3d 466, 497 (5th Cir. 1997) (citing Engle, 456 U.S. at 134 n. 43). Having failed to show an objective cause for his default, this court need not determine whether prejudice existed.

Ratcliff v. Estelle, 597 F.2d 474 (5th Cir. 1979) (citing Lumpkin v. Ricketts, 551 F.2d 680, 681-82 (5th Cir. 1977)).

C.   FUNDAMENTAL MISCARRIAGE OF JUSTICE

Howard may avoid this procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claims are not reviewed.  Hogue, 131 F.3d at 497 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).  To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence."  Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); accord Murray, 477 U.S. at 496; Glover, 128 F.3d at 902.  To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt.  Campos v. Johnson, 958 F. Supp. 1180, 1195 (W.D. Tex.1997) (footnote omitted); Nobles, 127 F.3d at 423 n. 33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.") When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. Glover, 128 F.3d at 903.

Howard does not present any evidence or argument and the record contains nothing that suggests his actual innocence on the underlying conviction.  Accordingly,

14

Howard has failed to overcome the procedural bar to his claims of state law deficiencies in Detective Gorumba's affidavit and in his indictment. These claims are procedurally barred and must be dismissed with prejudice for that reason.

## VI.   STANDARDS OF A MERITS REVIEW (REMAINING CLAIMS)

28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings. Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)), cert. denied, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'" Penry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir.), cert. denied, 531 U.S.

15

849 (2000)), aff'd in part, rev'd in part on other grounds, 532 U.S. 782 (2001); Hill, 210

F.3d at 485.  The United States Supreme Court has clarified the Section 2254(d)(1)

standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ
> if the state court arrives at a conclusion opposite to that reached by this
> Court on a question of law or if the state court decides a case differently
> than this Court has on a set of materially indistinguishable facts.  Under the
> "unreasonable application" clause, a federal habeas court may grant the
> writ if the state court identifies the correct governing legal principle from
> this Court's decisions but unreasonably applies that principle to the facts
> of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 405-06, 412-13 (2000);  Penry, 532 U.S. at 792-93;

Hill, 210 F.3d at 485.  "'A federal habeas court may not issue the writ simply because

that court concludes in its independent judgment that the state court decision applied [a

Supreme Court case] incorrectly.'"  Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting

Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)) (brackets in original); Bell v. Cone,

535 U.S. 685, 699 (2002).  Rather, under the "unreasonable application" standard, "the

only question for a federal habeas court is whether the state court's determination is

objectively unreasonable."  Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002), cert.

denied, sub nom, Neal v. Epps, 537 U.S. 1104 (2003). The burden is on the petitioner to

show that the state court applied the precedent to the facts of his case in an objectively

unreasonable manner.  Price, 538 U.S. at 641 (quoting Woodford, 537 U.S. at 24-25);

Wright v. Quarterman, 470 F.3d 581, 585 (5th Cir. 2006).

VII.   SUFFICIENCY OF THE INDICTMENT (CLAIM NO. 1)

Howard argues that the amended indictment in his case was unconstitutionally defective because it failed to allege the essential elements of manslaughter.  In addressing this issue as part of its <u>Anders</u> review,[35] the Louisiana Fifth Circuit concluded that Howard "was properly charged by a grand jury indictment."  <u>Howard</u>, 91 So.3d at 568. The court reasoned:   "The indictment plainly, concisely, and definitely states the essential facts constituting the offense charged and cites the statute defendant violated. It also sufficiently identifies defendant and the crime charged."  <u>Id</u>. (citations omitted). This was the last reasoned decision of the state courts on the issue.

To the extent that Howard argues that the indictment failed to comply with the requirements of Louisiana law regarding presentation of the elements of the crime of manslaughter, a federal court does "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law."  <u>Wilkerson v. Whitley</u>, 16 F.3d 64, 67 (5th Cir. 1994) (quotation omitted).  As discussed previously, this court's analysis focuses on due process considerations, and due process requires that the court grant the

---

[35]The Louisiana Fifth Circuit explained:
> When an <u>Anders</u> brief is filed, the appellate court reviews:  1) <u>the bill of information/indictment to insure the defendant was properly charged</u>, 2) all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct, and the sentence is legal, 3) all pleadings in the record, and 4) all transcripts to determine if any ruling provides an arguable basis for appeal.

<u>Howard</u>, 91 So.2d at 568 (emphasis added).

writ only when errors of the state court make the underlying proceeding fundamentally unfair. Neyland v. Blackburn, 785 F.2d 1283, 1293 (5th Cir. 1986). Thus, this court may consider Howard's arguments only in the context of federal constitutional law.

The United States Court of Appeals for the Fifth Circuit, however, has declined to review claims of insufficient indictment forms because "[t]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction . . . [and] this can be determined only by looking to the law of the state where the indictment was issued." Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985) (citation and quotations omitted) (emphasis added); Evans v. Cain, 577 F.3d 620, 624-25 (5th Cir. 2009); Davis v. Craig, 66 F.3d 319, 1995 WL 534730, at *3 (5th Cir. 1995) (Table, text in Westlaw). Resolution of such an issue on federal habeas review is precluded "[w]hen it appears . . . that the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case. . . ." Alexander, at 598 (quotation and citation omitted); Murphy v. Beto, 416 F.2d 98, 100 (5th Cir. 1969) ("[J]urisdiction to try an offense includes jurisdiction to determine whether the offense is properly charged.").

Howard's claim challenging the sufficiency of the indictment was presented to the Louisiana Supreme Court on direct appeal.[36]  By denying Howard relief, the Louisiana Supreme Court necessarily held that the state courts had jurisdiction and that the indictment was sufficient under Louisiana state law. See Ylst, 501 U.S. at 802; Alexander, 775 F.2d at 599 ("By refusing to grant appellant relief . . . the Texas Court of Criminal Appeals has necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose.") The Louisiana Supreme Court has therefore had the opportunity to address Howard's challenge to his indictment and has by inference determined that the indictment was proper. For this reason, federal review of this claim is prohibited.

Even if due process analysis is applied, however, the United States Supreme Court has held that an indictment is sufficient if it both informs the defendant of the accusation against him so as to enable him to prepare his defense,[37] and affords him protection against double jeopardy.  United States v. Debrow, 346 U.S. 374 (1953); United States v. Ramos, 537 F.3d 439, 459 (5th Cir. 2008). The sufficiency of a state court bill of

---

[36]See supra at pp. 4-5.

[37]La. Code Crim. P. art. 464 provides:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice (emphasis added).

information or indictment will not be reviewed by a federal habeas court under Section 2254, unless it can be shown that it is so defective that it deprives the convicting court of jurisdiction.  McKay v. Collins, 12 F.3d 66, 68 (5th Cir. 1994).

The grand jury indictment in Howard's case, read, in pertinent part, as follows:[38]

On the 28th day of February, 2008 the **Grand Jurors** of the State of Louisiana, duly empaneled and sworn, in and for the body of the PARISH OF JEFFERSON, in the name and by the authority of the said State, upon their Oath, present:  That one

### GERARD M. HOWARD

late of the PARISH OF JEFFERSON, on or about the 31st day of October in the year of our Lord, Two Thousand and Seven with force and arms, in the Parish aforesaid, and within the jurisdiction of the Twenty-Fourth Judicial District Court of Louisiana, in and for the Parish aforesaid, violated 14:31 in that he did commit manslaughter of Dwain Steward, contrary to the form and Statute of the State of Louisiana, and against the peace and dignity of the State.

The indictment form used in Howard's case was specifically authorized by La. Code Crim. P. art. 462[39] and 465(A)(33).[40]  This same indictment form has been found

---

[38]St. Rec. Vol. 1 of 5, p. 15.

[39]The language of the short form indictment is provided for in La. Code Crim. P. art. 462: The indictment by a grand jury may be in substantially the following form:  In the (Here state the name of the court.) on the __ day of _____, 19–.  State of Louisiana v. A.B. (Here state the name or description of the accused.).
The grand jury of the Parish of _____, charges that A.B. (Here state the name or description of the accused.) committed the offense of _____, in that (Here set forth the offense and transaction according to the rules stated in this Title. The particulars of the offense may be added with a view to avoiding the necessity for a bill of particulars.) contrary to the law of the State of Louisiana and against the peace and dignity of the same.

[40]La. Code Crim. P. art. 465(A)(33) provides the short form language for manslaughter: A.  The following forms of charging offenses may be used, but any other forms authorized by this title may also be used: . . .

to provide the necessary due process protections required by federal law.  See <u>Lindsey</u> <u>v. Cain</u>, No. 05-1593, 2009 WL 1575466 at *12 (E.D. La. May 29, 2009) (attached Report and Recommendation adopted by District Court); <u>Brown v. Cain</u>, No. 99–2667, 2001 WL 96410 at *3 (E.D. La. Feb.2, 2001) (Schwartz, J.) (addressing Louisiana short form indictment and second degree murder); <u>Liner v. Phelps</u>, 731 F.2d 1201 (5th Cir. 1984) (addressing Louisiana short form indictment and first degree murder).

Howard was on notice of the statutory provision that he was accused of violating, the date and venue of the killing, and the identity of the victim. This was more than adequate information to apprise him of the crime with which he was charged, manslaughter in violation of La. Rev. State. Ann. § 14:31, and to comply with Louisiana law on the form of indictment.  The fact that other information pertaining to the offense was included in the language "shall not affect the sufficiency of the specific indictment form . . . ."  La. Code Crim P. art. 465(B).[41]

The details provided in Howard's indictment comply with the test for constitutional sufficiency established by the Supreme Court.  Thus, the state courts'

---

33.  Manslaughter – A.B. unlawfully killed C.D.
B.  The indictment, in addition to the necessary averments of the appropriate specific form hereinbefore set forth, may also include a statement of additional facts pertaining to the offense charged.  If this is done it shall not affect the sufficiency of the specific indictment form authorized by this article.

[41]<u>See</u> <u>supra</u> at n. 39.

denial of the instant claim was not contrary to or an unreasonable application of Supreme Court precedent.  Howard is not entitled to relief on this claim.

VIII.   <u>VOLUNTARINESS OF GUILTY PLEA (CLAIM NO. 4)</u>

Howard complains that the state trial court "accepted his [guilty] plea without first addressing him personally and determining that the plea was made voluntarily with understanding of the nature of the charge . . . ."[42]

A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently.  <u>Montoya v. Johnson</u>, 226 F.3d 399, 404 (5th Cir. 2000) (citing <u>James v. Cain</u>, 56 F.3d 662, 666 (5th Cir. 1995)).  A prisoner generally may not "collaterally attack a voluntary and intelligent" plea.  <u>Taylor v. Whitley</u>, 933 F.2d 325, 329 (5th Cir. 1991).  "If a defendant understands the charges against him, understands the consequences of [the] plea, and voluntarily chooses to plead . . . without being coerced to do so, the . . . plea . . . will be upheld on federal review."  <u>Frank v. Blackburn</u>, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), <u>modified on other grounds</u>, 646 F.2d 902 (5th Cir. 1981).

A plea therefore "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'"  <u>Bousley v. United States</u>, 523 U.S. 614, 618 (1998) (quoting <u>Brady v. United States</u>, 397 U.S. 742, 748 (1970)).  "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'"  <u>Id</u>. (quoting <u>Brady</u>, 397

---

[42]Rec. Doc. No. 3, p. 25.

U.S. at 749). Pleas are involuntary when induced by threats, improper promises, deception, or misrepresentation. United States v. Amaya, 111 F.3d 386, 389 (5th Cir. 1997).

A plea qualifies as intelligent when the criminal defendant enters it after receiving "'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" Bousley, 523 U.S. at 618 (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). A "plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt." James, 56 F.3d at 666 (citing Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976)).

The issue of whether a guilty plea was entered voluntarily is a mixed question of law and fact. Pignataro v. Poole, 381 Fed. Appx. 46, 50 (2nd Cir. 2010) (citing Matusiak v. Kelly, 786 F.2d 536, 543 (2nd Cir. 1986)).

On January 7, 2009, Howard executed a "Plea of Guilty & Waiver of Rights" form.[43]  On this form, as evidenced by his initials and signature, Howard acknowledged that he was pleading guilty to manslaughter.  He further recognized that he was waiving or giving up his rights to trial, to a presumption of innocence, to testify at trial or remain

---

[43]St. Rec. Vol. 1 of 5, p. 43. The document mistakenly includes a typographical error commonly made at the beginning of new years in noting a date of January 7, 2008. As evidenced by the guilty plea transcript, St. Rec. Vol. 2, p. 262, the actual date was January 7, 2009.

silent and not have his silence held against him, to present witnesses, and to appeal any

adverse verdict.  Howard further acknowledged that he would receive "Thirty Five (35)

Years Confinement At Hard Labor – No Multiple Bill."[44]

On that same date, Howard entered his guilty plea in open court.  As evidenced

by the following colloquy, his rights were explained to him and he was advised of the

consequences of his guilty plea.

> THE COURT:
>> Before I accept your plea, I'm going to explain the consequences of pleading guilty and the rights that you will give up if you do.  Which are the following:  First of all, sir, you will have a right to a trial by a judge or jury, and at a trial you would be presumed innocent, and the district attorney would have to prove that you are guilty beyond a reasonable doubt.  Do you understand that?
>
> THE WITNESS:
>> Yes, sir.
>
> THE COURT:
>> At a trial, you and your lawyer would have a right to confront and question all witnesses who testify against you.  Do you understand that, sir?
>
> THE WITNESS:
>> Yes, sir.
>
> THE COURT:
>> At a trial, you and your lawyer would have a right to confront and question all witnesses who testify against you.  Do you understand that, sir?
>
> THE WITNESS:
>> Yes, sir.
>
> THE COURT:
>> At a trial you could testify yourself, present – and call your own witnesses and present your own evidence, or if you chose to remain silent your silence could not be held against you or can't be considered as an indication that you are guilty.  Do you understand?

---

[44]St. Rec. Vol. 1 of 5, p. 43.

THE WITNESS:

   Yes, sir.

THE COURT:

   If you plead guilty, however, there will be no trial, so you would be giving up your right.  Do you understand, sir?

THE WITNESS:

   Yes, sir.

THE COURT:

   <u>If you plead guilty, I will sentence you to 35 years at hard labor. And the District Attorney has agreed to not charge you as a multiple offender.  Do you understand, sir?</u>

THE WITNESS:

   <u>Yes, sir.</u>[45]

"To be knowing and intelligent, the defendant must have 'a full understanding of what the plea connotes and of its consequences.'"  <u>United States v. Hernandez</u>, 234 F.3d 252, 255 (5th Cir. 2000) (quoting <u>Boykin v. Alabama</u>, 395 U.S. 238, 244 (1969)).  It is eminently clear from the state court record that the above requirement was fully met in Howard's case.  He knew he was pleading guilty to manslaughter and, as a result, that no multiple offender bill would be filed against him and he would receive a 35-year prison sentence. He acknowledged all elements of his plea agreement, his waiver of rights and the consequences of his plea both in writing on a printed form and orally in open court.  I find that the state courts' rejection of the instant claim does not represent an unreasonable application of federal law to the facts of this case.

---

[45]St. Rec. Vol. 2 of 5, pp. 267-68 (emphasis added).

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that the petition of Gerard Howard for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[46]

New Orleans, Louisiana, this __30th__ day of August, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[46]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.